IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BOYD OWENS, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Civil No. 3:06-0426 |
| ) | Judge Trauger |
| MURRAY, INC., ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM and ORDER

### INTRODUCTION

Before the Court is a Motion for Reconsideration ("Motion") filed by Appellant, Mr. Boyd Owens, of the Court's March 27, 2007 Order and Memorandum ("Decision") denying Appellant's appeal of the Bankruptcy Court's Order and Decision of February 8, 2006, granting Appellee's objection to Appellant's proof of claim in Appellee's chapter 11 bankruptcy case No. 04-13611, filed in this division of this district. Appellee is William Kaye, the trustee and liquidating agent of the Murray Liquidating Trust, the post-confirmation estate of Murray, Inc. ("Debtor Murray"). (Docket No. 18-1). Appellee has filed a Response and Objection ("Objection"). (Docket No. 19). Appellant has filed a Response ("Response") to Appellees Objection. (Docket No. 22). For the reasons stated below, the Motion is denied.

### PROCEDURAL HISTORY AND BACKGROUND

The subject of the Bankruptcy Court's February 8, 2006 Order was at bottom the objection of Debtor Murray to the proof of claim filed by Owens.

As stated in the Decision, Debtor Murray filed a chapter 11 petition on November 8, 2004,

-1-

in the Nashville Division of the Bankruptcy Court of the Middle District of Tennessee. On December 7, 2004, Appellant filed a proof of claim ("Owens Claim") in the amount of $180,000,000 for patent infringement.

As further stated in the Decision, Owens held United States Patent No. 4,221,108 (the "'108' Patent"). The record in the proceedings below showed that Owens had alleged patent infringement against Murray, Inc. in two actions filed in U.S. District Court for the Eastern District of Oklahoma; both actions were filed prior to the time of Debtor Murray's chapter 11 petition. Because both actions had been dismissed on Owens' own motion, the question of the alleged infringement remained unresolved at the time of Debtor Murray's petition. Apparently recognizing the implications of the automatic stay, Owens filed his proof of claim.

On August 10, 2005, Debtor Murray filed its Third Omnibus Objection to Claims in the court below, within which the debtor objected to the Owens Claim. The Bankruptcy Court set a briefing schedule and held a hearing. Pursuant to those proceedings, the Bankruptcy Court entered Findings of Fact and Conclusions of Law in connection with its order granting Debtor Murray the full relief prayed for. Familiarity with the proceedings in the Bankruptcy Court is otherwise presumed.

The Bankruptcy Court found, and this Court affirmed, that among the defects in the Owens Claim, insurmountable was Appellant's failure to join in his proof of claim the Patent Enforcement Fund, Inc. ("PEF"), an entity which the record showed Appellant had admitted in filings in the Middle District of Oklahoma was a co-owner of the '108 Patent. Further, the Court found that documentary evidence, showing that the '108 Patent was subject to a co-ownership agreement between Owens and PEF (the "PEF Agreement"), as further addressed *infra,* presented by Owens in support of his view that PEF was not a necessary party to his claim failed

in that support.

## POSITIONS OF THE PARTIES

Appellant, recognizing the primacy of the status of PEF and the PEF Agreement for resolving the necessary party issue, argues that the Court's review of the PEF Agreement did not address text therein that supports his view that PEF was not an indispensable party. The Motion has attached two documents: 1) a letter from Owens to a Mr. David Hill as President of PEF, dated October 17, 1997, and 2) a document titled "Agreement," dated April 14, 1997, between Owens and PEF. (Appellant's Mot. attach.; Docket Nos. 18-2& 3).

Although Appellant does not so state, the Motion is governed by Bankruptcy Rule 8015. Fed. R. Bankr. P. 8015. That rule allows a motion for reconsideration of an order of a district court exercising appellate jurisdiction over an order of a bankruptcy court.[1] That jurisdictional posture is found here as the Court exercised its jurisdiction over the appeal pursuant to 28 U.S.C. 158(a).

Because the Motion does not expressly cite a legal basis, Appellee's Objection is based on several grounds. Appellee argues that the Motion should be denied because it is untimely and does not meet the standard applied to Bankruptcy Rule 8015 motions. Alternatively, the Objection urges the Court to reject the Motion pursuant to either Federal Rule of Civil Procedure

---

[1] Bankruptcy Rule 8015 states:
Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 10 days after entry of the judgment of the district court or the bankruptcy appellate panel. If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment.

-3-

52(b) or 60(b)[2]. Appellee urges that, if Civil Procedure Rule 60(b) applies, neither of the documents attached to the Motion meet the test for newly discovered evidence as allowed under that Rule.

Consideration of the Motion is appropriate only under Bankruptcy Rule 8015. *In re Bli Farms, a Partnership*, 465 F.3d 654, 657 (6th Cir. 2006) (when district court sits in appellate capacity, Bankruptcy Rule 8015 provides only valid way to seek review) (internal citations omitted); *see English-Speaking Union v. Johnson*, 353 F.3d 1013, 1019 (D.C. Cir. 2004) (same; analyzing bankruptcy courts as trial courts and district courts as appellate courts), *also In re Lisanti Foods, Inc.*, 2006 WL 2927619 (D.N.J. 2006) (collecting cases in comparing civil rules and appellate rules).

### DISCUSSION

#### 1. Timeliness of the Motion

Owens is represented *pro se*. A *pro se* party is not excused from compliance with the rules of procedure. *See In re Dow Corning Corp.*, 255 B.R. 445, 466 (E.D.Mich. 2000) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). A timely motion for reconsideration pursuant to Bankruptcy Rule 8015 must be filed within 10 days of the date of the entry of the

---

[2] Civil Rule 52(b) states in relevant part:
On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings, or make additional findings, and may amend the judgment accordingly.

Civil Rule 60(b) states in relevant part:
On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) . . . .

-4-

court's order.  Fed .R. Bankr. P. 8015; *In re Conn Aire, Inc.*, 91 B.R. 462, 463 (M.D. Tenn. 1988).  Time limits are required under the bankruptcy rules to serve the public's interest in the "[t]imeliness and finality of bankruptcy proceedings." *In re Soter*, 31 B.R. 986, 990 (D.C.Vt. 1983); *accord Kontrick v. Ryan*, 124 S.Ct. 906, 913, 540 U.S. 443, 452, 157 L.Ed.2d 867 (2004).  Because the period of time under Bankruptcy Rule 8015 is more than eight days, intermediate Saturdays, Sundays and legal holidays are included in the calculation of the last date to file a motion for reconsideration.  Fed. R .Bankr. P. 9006(a); *Butler v. Merchants Bank & Trust Co.*, 2 F.3d 154, 156 (5th Cir. 1993).  Here, that date was April 6, 2007.  Owens filed the Motion on May 7, 2007, or thirty-one days after the prescribed date.  Therefore, the Motion is not timely filed.

Appellant does not dispute that the Motion is untimely.  (Appellant's Response to Appellee's Objection to Appellant's Motion for Reconsideration, 1) (Docket No. 22).  Instead, Owens appears to contend that his "case" is "'exceptional'" and as such is not subject to timeliness requirements applicable to Bankruptcy Rule 8015.  (Appellant's Resp. 1)  Owens apparently imports the term "exceptional" from patent law, presumably as that term is employed in 35 U.S.C. § 285, which provides for attorney's fees to a prevailing party in exceptional patent infringement cases.  *See Am. Saint Gobain Corp. v. Armstrong Glass Co.*, 164 U.S.P.Q. 126, 127 (E.D. Tenn. 1969) (accepting special master's determination that case was exceptional because defendant both admitted to and blatantly continued to infringe plaintiff's patent in violation of court's order).  That contention, since it addresses the liability of a non-prevailing party in a patent infringement suit, is not relevant to this Court's examination of Owens' required compliance with rules of procedure applicable to his motion here.  The Court notes for clarification that the "case" *sub judice* is in connection with the claims proceedings in Debtor

-5-

Murray's bankruptcy case under title 11, not title 35, of the U.S. Code. No complaint based on federal patent law involving Owens and Murray is pending in this court.

Neither can the Court see that Owens has sought relief to extend the time to file his motion. *See Lattier-Holmes v. Peoples State Bank of Many*, 55 Fed. Appx. 717 (5th Cir. 2002) (citing *In re MDL 262*, 799 F.2d 1076, 1079 (5th Cir. 1986) (court may consider motion, but lacks power to extend time *sua sponte*)) (unpublished decision). Such a request, were it before the Court, would be examined under the doctrine of excusable neglect. *See In re Boggs*, 246 B.R. 265, 268 (6th Cir. BAP 2000) (leave to extend time to file is equitable determination based on all relevant circumstances) (citation and quotation omitted). Other than his contention that his case is "exceptional," Owens presents no circumstances to which the Court could direct an excusable neglect analysis.

Because Appellant has not timely filed the Motion, the Court has nothing to consider beyond the question of timeliness.

The Court observes that another consequence likely flows from Owens' untimely filing of the Motion. *In re Superior Boat Works Inc.*, 268 F.3d 1063, (5th Cir. 2001) (relation between timeliness of motion for reconsideration and time for appeal) (unpublished decision). Owens is permitted 30 days from the entry of the court's March 27, 2007 order to file a notice of appeal to the Sixth Circuit pursuant to the Federal Rules of Appellate Procedure 6(b)(1) and 4(a)(1)(A).[3]

---

[3] Fed. R. App. P. 4(a)(1)(A) states:
In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.

Fed. R. App. P. 6(b)(1) states in relevant part:
These rules apply to an appeal to a court of appeals under 28 U.S.C. § 158(d) from a final judgment, order, or decree of a district court or bankruptcy appellate panel exercising

Fed. R. App. P. 4(a)(1)(A) & 6(b)(1); 16A Charles Alan Wright et al., Federal Practice and Procedure § 3952.2 (2007). This Court's docket does not reflect a notice of appeal. As of the date of the Motion, and obviously at any time after, Owens could not comply with the 30-day time limit for filing an appeal pursuant to Appellate Rule 4(a)(1)(A). Appellate Rule 6(b)(2)(A)(i) provides that a timely motion filed pursuant to Bankruptcy Rule 8015 sets the time to appeal from the date of the disposition of the motion.[4] Fed. R. App. P. 6(b)(2)(A)(i); Wright at § 3952.2; 6A Hon. Joe Lee, Bankruptcy Service, Lawyers Edition § 58:612 (2007). Consequently, Owens cannot be viewed to have available the time allowed under Appellate Rule 6(b)(2)(A)(i) to file an appeal of the Order. *See Wilkinson v. Burger King Corp.*, 923 F.2d 154, 155 (10th Cir. 1991) (reviewing relation between Bankruptcy Rule 8015 motion and time to appeal to circuit court).

## 2. Other Considerations

Even if the Motion did not suffer the defect of untimeliness, Appellant would not meet the standard applicable to a Bankruptcy Rule 8015 motion for reconsideration. *See e.g. In re Alabama Protein Recycling, L.L.C.*, 210 Fed. Appx. 876 (11th Cir. 2006) (affirming district court's determination that motion for reconsideration both untimely and without merit) (unpublished opinion).

Bankruptcy Rule 8015 is silent regarding the standards for granting relief; therefore courts

---

appellate jurisdiction under 28 U.S.C. § 158(a) or (b).

[4] Fed. R. App. P. 6(b)(2)(A)(i) states in relevant part:
If a timely motion for rehearing under Bankruptcy Rule 8015 is filed, the time to appeal for all parties runs from the entry of the order disposing of the motion.

-7-

turn to the appellate rule for guidance. *In re Coventry Commons Assocs.*, 155 B.R. 446, 449 (E.D.Mich 1993). As other courts have noted, Bankruptcy Rule 8015 is derived from Appellate Rule 40. *Olson v. United States*, 162 B.R. 831, 834 (D.Neb. 1993) (citing both treatise and cases). Appellate Rule 40 requires the motion seeking rehearing to "[s]tate with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the motion." Fed. R. App. P. 40(a)(2). The movant may not simply reargue the case. *PHH Mortgage Servs. v. Higgason*, 2006 WL 2135497 (E.D.Ky. 2006) (citing *Anderson v. Knox*, 300 F.2d 296, 297 (9th Cir. 1962).

Appellant contends that the Court, in reviewing and affirming the Bankruptcy Court's determination that PEF was an indispensable party in the claims proceedings, overlooked text in the PEF Agreement that would dispose of the question of the status of PEF as a co-owner of the '108 Patent . (Appellant's Mot. 3; Appellant's Resp. 1). Specifically, Appellant argues that the Court only examined paragraph 10 of the PEF Agreement and overlooked paragraphs 2(b) and 9. (Appellant's Mot. 2). The Decision noted that Owens submitted on appeal a document with the title "Agreement" dated April 10, 1997, between Owens and PEF; the Court designated that document the "PEF Agreement." The Court found that the PEF Agreement contained two paragraphs numbered "10" and no paragraph numbered "9."

Appellant now presents attached to the Motion a document with the title "Agreement," which the Court designates "PEF Agreement #2." (Docket No. 18-3).

In discussing the standard applicable to a Bankruptcy Rule 8015 motion, one court has noted the difference between reconsideration by trial courts and by appellate courts. *In re Zegeye*, 2005 WL 544763 *2 (D.Md. 2005) (collecting and comparing cases) (not reported in F.Supp.2d). (As noted above, Rule 60(b) of the civil rules allows for the consideration by the trial court of

-8-

newly discovered evidence.  Fed. R. Civ. P. 59(b) & 60(b); *see* n. 2 *supra*; *see also Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.* 99 F.R.D. 99, 101 (E.D.Va. 1983) (while Federal Rules of Civil Procedure do not provide for reconsideration, not uncommon for trial court to "reconsider" its original determination) (quotation marks added).  The *Zegeye* court found the better view was that newly discovered evidence is not available for consideration under Appellate Rule 40.  2005 WL 544763 *2 (noting cases citing *Olson v. United States*).  Another court has found that Bankruptcy Rule 8015 motions should be examined under the standards for reconsideration by trial courts, permitting consideration of newly discovered evidence.  *In re Lisanti Foods, Inc.*, 2006 WL 2927619 *4-5 (collecting cases; favoring flexible approach because Bankruptcy Rule 8015 is sole avenue of relief from judgment of district court exercising appellate jurisdiction).

If PEF Agreement #2 is identical to the PEF Agreement, then the Court would need only refer to the designated record on appeal, applying the *Zegeye* approach.  If PEF Agreement #2 is not identical with the record, then the Court would need to determine both if PEF Agreement #2 was newly discovered and, if so, whether to apply the *Lisanti* approach.  *See United States v. Fowler (In re Fowler)*, 394 F.3d 1208, 1215 (9th Cir.2005) (question is whether district court abuses discretion in selecting standard to apply to Bankruptcy Rule 8015 motion; finding no abuse of discretion in applying Fed. R. App. P. 40 to bankruptcy).

The Court need not undertake the analysis of the two approaches because Appellant does not contend that PEF Agreement #2 is newly discovered.  Rather, Appellant contends only that proper consideration of that document will "'shed new light'" on the status of PEF and the agreement between Owens and PEF.  (Appellant's Resp. 1).

-9-

Case 3:06-cv-00426   Document 23   Filed 07/24/07   Page 9 of 11 PageID #: 303

PEF Agreement #2 is an agreement between PEF and Owens. However, PEF Agreement #2 differs from the PEF Agreement in that the former contains both a single paragraph numbered "9" and a single paragraph numbered "10." In addition, the number of signatures affixed to PEF Agreement #2 differs from the number affixed to the PEF Agreement. The Motion directs the Court to paragraph 2(b) of PEF Agreement #2. (Appellant's Mot. 2). The PEF Agreement does not contain a paragraph numbered "2." The text of paragraph 3 of the PEF Agreement contains both similarities to and differences from text in paragraph 2 of PEF Agreement #2. For example, subparagraph b of paragraph 2 of the PEF Agreement contains text regarding shares of Class A $1 par Common Stock of PEF held by Owens; Paragraph 2(b) of PEF Agreement #2 does not contain similar text.

A full recitation of the differences between the PEF Agreement and PEF Agreement #2 would not be necessary for disposing of the Motion. The PEF Agreement and PEF Agreement #2 are not identical. Therefore, PEF Agreement #2 would not fall within the bounds of what the Court is permitted to examine under Bankruptcy Rule 8015, because it is not part of the record on appeal. *Olson v. United States*, 162 B.R. at 834 (Rule 8015 motion must fail when appellants fail to advert to any overlooked point of law or fact) (internal citation omitted).

The letter to Mr. Hill would be ineligible for the same reason because the Motion does not argue that it is newly discovered, nor that it was an insufficiently considered part of the record on appeal.

The Decision found that the Bankruptcy Court was not clearly in error when that court found that Owens presented no competent evidence demonstrating that PEF was not an indispensable party to the claims proceedings. (Even if eligible for consideration under the

-10-

*Lisanti* approach, PEF Agreement #2 only adds ambiguity, not clarity, to the issue.)

As stated in the Decision, both the PEF Agreement and the laws of Delaware, under which PEF was incorporated, provide the means to establish the status of PEF and thereby the status of PEF's co-ownership of the '108 Patent. To that end, the Decision noted that Delaware has a procedure for the dissolution of a corporation. Del. Code Ann. tit. 8, § 278 (West 2007). The Decision also noted that the PEF Agreement contains procedures for both the termination or the alteration of the relations between Owens and PEF.

Factual answers to both questions have been necessary to resolving the indispensable party issue in Appellant's favor. Nevertheless, the Bankruptcy Court found, and this Court affirmed, that Owens offered argument not paired with competent evidence on these issues. Appellant presents again conclusionary statements as opposed to directing the Court to documents, filings or transcripts contained in the record on appeal regarding the necessary elements of proof of the status of PEF or the PEF Agreement that the Court overlooked. *Olson*, 162 B.R. at 833. Consequently, were the Motion timely filed, Appellant could not demonstrate that the Court overlooked any competent evidence presented to the Bankruptcy Court, or portion thereof, which, if the Court re-examined now, would yield a result different from the Decision.

It is so **ORDERED**.

Enter this 24th day of July 2007.

_____
ALETA A. TRAUGER
U.S. District Judge